1839.

MATHEWS
*v.*
NEILSON.

had already taken place; and which examination had been continued until the counsel for the complainants voluntarily ceased and terminated it.

---

MATHEWS *v.* NEILSON, Administrator, &c., of THOMAS R. GRANT, deceased.

October 15, 1839.

Judgment creditor's bill.
Death of judgment debtor.
Revivor.

Where the judgment debtor dies after bill filed and before a receiver has possession of property, the bill is not to be revived. The creditor must come in under administration. But, *it would seem,* that where a receiver has got possession of property, the court may dispose of it in the suit; but still, with due regard to all statutory provisions.

BILL of revivor and supplement; and a demurrer thereto. The original was a judgment creditor's bill, against Thomas R. Grant, the debtor. He died, pending the suit; and the object was to revive against the administrators of the deceased.

Mr. *Taylor*, for the defendant and in support of the demurrer.

Mr. *Field*, for the complainants.

THE VICE-CHANCELLOR:—Upon the death of the defendant Grant, all his equitable interests and choses in action devolved upon and vested in his personal representative.

The question is, whether the suit, which has abated by the death of Grant, ought to be revived against his administrator, for the purpose of reaching the assets in his hands and obtaining satisfaction of the judgment in a way other than by the ordinary course of administration?

In the case of *Stephen Reed's Administrators*, (ante, 296,) it was held in this court and affirmed on appeal that a judgment creditor's bill, filed against him originally for the purposes of an injunction and receiver in the usual manner, could not be sustained for the purposes of a receiver after his death, because it seemed to be unnecessary and because such a procedure might interfere with the due course of administering the assets under the statute in relation to the duties of executors and administrators. The same objection holds good to a bill of revivor and supplement. The statute prescribes the order in which executors and administrators are to pay debts (2 R. S. 87, § 27.) Judgments docketed have preference to all recognizances, specialties and all simple contract debts; and so far as this preference extends, it is unnecessary to seek the aid of the court: because executors and administrators are bound to observe the rule and the surrogate will compel them to do so.

Again: There are two classes of debts that have preference over judgments; and, as between judgment creditors and creditors by decree, they are to be paid "according to the priority thereof respectively." And the twenty-eighth section is prohibitory, expressly forbidding any other preferences even by the commencement of a suit or the obtaining of a judgment against the executor or administrator. To allow a creditor's bill in this court to have the effect claimed for it by the superior diligence of the prosecuting creditor, that is, a priority of payment to be fixed and determined by the time of filing the bill, might interfere with the order of paying the debts pre-

GOUVERNEUR
v.
TILLOTSON.

scribed by the statute. It is true that, by filing such a bill, the creditor acquires an equitable lien on the property of the debtor, but this lien in equity ought not to be permitted to interfere with the legal rights of others where they happen to come in conflict. If it were a lien in law and the property in possession under such lien, then I admit that the personal representative of the deceased debtor would take, subject to such lien; and the creditor, having the lien, would be entitled to the benefit of it despite the statute. So, if a receiver has been appointed on a creditor's bill and has obtained possession of property or money of the debtor's before his death, this court, having possession through its officer, will not part with the possession to the executor or administrator, but apply it to the payment of the debt, with due regard, however, to the statutory rights of other creditors. But, in the present case, there has been no appointment of a receiver; and, of course, no possession of any property within the immediate view and control of this court. Hence, I think this suit ought not to be revived and prosecuted against the administrators.

Demurrer allowed, with costs.